IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERMAINE J. LOVETT,** )<br>  )<br> **Petitioner/Defendant,** )<br>  )<br> **vs.** )<br>  )<br> **UNITED STATES of AMERICA ,** )<br>  )<br> **Respondent/Plaintiff.** ) | **CIVIL NO. 10-cv-503-DRH**<br><br>**CRIMINAL NO. 07-cr-30099** |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Petitioner Jermaine Lovett's motion for relief pursuant to 28 U.S.C. § 2255. Pursuant to a plea agreement, Lovett pleaded guilty to one count of distribution of crack cocaine. On May 15, 2009, Lovett was sentenced to 188 months imprisonment, eight years supervised release, a fine of $900, and a special assessment of $100. No appeal was filed, and Lovett then filed the instant motion under § 2255.

In his motion, Lovett alleges that Counsel was ineffective in several ways: (1) failed to file a timely notice of appeal; (2) failed to inform the Court of a plea agreement in which the Government had stipulated to a 120-month sentence; (3) failed to inform the Court of his substantial assistance; (4) failed to request a downward departure for his cooperation; (5) failed to file timely objections to the PSR regarding relevant conduct; (6) failed to preserve issues for appellate review; and (7) failed to perfect the record for appeal. Lovett also claims that the Government violated the plea agreement, that his base offense level was erroneously calculated, and that the Government failed to file a motion under USSG §5k.1 or Rule 35(b).

Lovett entered into a plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, Lovett waived his right to a direct appeal and to a collateral attack under Section 2255. Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this plea agreement, **the Defendant knowingly and voluntarily waives the right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law,** except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), **the Defendant reserves the right to appeal the reasonableness of the sentence**. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more than severe than that recommended by the Government. Defendant knowingly and voluntarily waives his right to seek a pardon, whether before or after his release from custody.

Plea agreement at ¶ III.2 (Doc. 91, criminal case, emphasis in original).

The primary argument in this action appears to be that Counsel was ineffective in failing to raise certain challenges to Lovett's sentence on direct appeal, even though Lovett has specifically reserved the right to challenge the sentence on appeal.

The Court **ORDERS** the Government to file a response to Lovett's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

**DATED:** August 4, 2010.

                                              /s/    DavidRHerndon
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**