IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JERMAINE LOVETT,

Petitioner,

v.

UNITED STATES OF AMERICA,

Defendant.                                              No. 10-503-DRH

<u>MEMORANDUM and ORDER</u>

HERNDON, Chief Judge:

Pending before the Court is the Government's motion to dismiss Lovett's 28 U.S.C. § 2255 petition arguing that it is untimely, or in the alternative, that Lovett waived his right to bring the 2255 (Doc. 7). Lovett opposes the motion (Doc. 8). Based on the following, the Court grants the motion and dismisses with prejudice Lovett's 28 U.S.C. § 2255 petition.

On January 15, 2009, Lovett, pursuant to a cooperating plea agreement, pled guilty to one count of distribution of a controlled substance (crack cocaine) and faced a penalty of ten years to life imprisonment (enhanced penalties pursuant to 21 U.S.C. § 851). **See *United States v. Lovett*, 07-30099-DRH-03; Docs. 90 & 91**. The plea agreement contained certain appeal waivers including one pertaining to collateral attacks. On May 15, 2009, the Court sentenced Lovett to 188 months imprisonment, eight years supervised release, a fine of $900.00 and a special assessment of $100. *Id.* at **Doc. 125**. Judgment reflecting the same was entered

the same day. ***Id.* at Doc. 128**.  Lovett did not appeal his sentence or conviction.

On July 9, 2010, Lovett filed this petition pursuant to 28 U.S.C. § 2255 (Doc. 1).  In his petition, Lovett alleges that his counsel was ineffective in several ways: (1) failed to file a timely notice of appeal; (2) failed to inform the Court of a plea agreement in which the Government had stipulated to a 120-month sentence; (3) failed to inform the Court of his substantial assistance; (4) failed to request a downward departure for his cooperation; (5) failed to file timely objections to the Presentence Report regarding relevant conduct; (6) failed to preserve issues for appellate review; and (7) failed to perfect the record for appeal.  Lovett also claims that the Government violated the plea agreement, that his base offense level was erroneously calculated, and that the Government failed to file a motion under U.S.S.G. § 5k.1 or Rule 35(b).  On August 4, 2010, the Court ordered the Government to respond to Lovett's petition (Doc. 2).  On November 11, 2010, the Government filed a motion to dismiss arguing that Lovett's petition is untimely or in the alternative that Lovett waived his right to file a § 2255 in his cooperating plea agreement with the Government (Doc. 7).  Lovett objects to the Government's motion (Doc. 8).  As the motion to dismiss is ripe for ruling, the Court rules as follows.

The Antiterrorism and Effective Death Penalty Act of 1996 created a one year statute limitations for § 2255 motions.  With exceptions not applicable here, the statute of limitations begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255.  "A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally

runs from 'the date on which the judgment of conviction becomes final.' " ***Clay v. United States***, **537 U.S. 522, 524 (2003), quoting 28 U.S.C. § 2255, ¶ 6(1)**.  In this case, the judgment became final when the time period for filing an appeal, 10 days, expired.  **See Fed. R.App. P.4(b).**[1]  The time for filing a notice of appeal expired on May 29, 2009.  Therefore, Lovett had one year, or until May 29, 2010, to file his petition.  ***See United States v. Marcello***, **212 F.3d 1005, 1010 (7th Cir. 2000) (adopting the anniversary rule for determining the date § 2255 motion was due)**.  Lovett did not file his petition until July 9, 2010.  His petition was more than six weeks late and is clearly untimely, unless this Court is persuaded that the statute of limitations can and should be equitably tolled for his claims.  ***See Nolan v. United States***, **358 F.3d 480, 483 (7th Cir. 2004)**.

While this Court can equitably toll a movant's statute of limitations, it can only do so when "[e]xtraordinary circumstances far beyond the litigant's control prevented timely filing."  ***United States v. Marcello***, **212 F.3d 1005, 1010 (7th Cir. 2000)**.  As the Seventh Circuit explained, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."  ***Id.***  Under the doctrine of equitable tolling, the Court may excuse Lovett's failure to file his 2255 petition within the limitation period only he shows that he "could not, despite the exercise of reasonable due diligence, have discovered all the information needed in

---

[1]At the time of Lovett's sentencing, the time to file a notice of appeal was within 10 days (excluding weekends).  The rule has been amended and the time to file a notice of appeal is within 14 days (including weekends).

order to be able to file his claim on time." ***Taliani v. Chrans***, **189 F.3d 597 (7th Cir. 1999)**.  Equitable tolling is not available where the movant alleges he missed the deadline due to his attorney's mistake.  ***Id***.

Based on the circumstances in this case, the Court finds that Lovett cannot make the high threshold to have his statute of limitations tolled.  Lovett simply contends that he told his lawyer, Mr. John Stobbs, to file a Notice of Appeal for his criminal conviction and that Stobbs did not file the Notice of Appeal.  Lovett has offered nothing but his self serving statement that his attorney failed to file a notice of appeal after being instructed to do so.  Reasonable diligence could have allowed him to discover that his appeal was not filed.  Moreover, during the sentencing hearing, the Court informed Lovett of his appeal rights and Lovett responded that he understood his appeal rights.  In particular, the Court informed Lovett that any appeal must be filed within 10 days of judgment being entered and that the Clerk of Court will file a Notice of Appeal on his behalf if asked to do so.  ***United States v. Lovett***, **07-30099-DRH-03; Doc. 178, ps. 30-31.**  Lovett did not ask the Clerk to file a Notice of Appeal and none was filed.  Thus, Lovett's § 2255 petition is untimely.

Assuming *arguendo* that his petition is not untimely, the Court finds that Lovett waived his right to file this § 2255 petition.

Lovett entered into a plea agreement with the Government in an attempt to benefit himself.  In exchange for the benefits he received, he waived his right to a

direct appeal and to a collateral attack under Section 2255.  Specifically, the plea

agreement provides in relevant part:

> The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence.  Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, **the Defendant knowingly and voluntarily waives the right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28**, **or under any other provision of federal law**, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), **the Defendant reserves the right to appeal the reasonableness of the sentence**.  The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government.  Defendant knowingly and voluntarily waives the right to seek a pardon, whether before or after his release from custody.

***United States v. Lovett***, 07-30099-DRH-03; Doc. 91, p. 10.

   The Seventh Circuit has found these types of waivers to be valid.  The

Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty

plea is enforceable," provided the waiver is knowing and voluntary.  ***United States

v. Feichtinger***, 105 F.3d 1188, 1190 (7th Cir.), ***cert. denied***, 520 U.S. 1281

(1997); ***United States v. Schmidt***, 47 F.3d 188, 190 (7th Cir. 1995). ***See also

United States v. Wenger***, 58 F.3d 280, 281 (7th Cir.), ***cert. denied***, 116 S.Ct.

349 (1995). A waiver will not be enforced, however, if the district judge relied on

impermissible facts in sentencing (for instance, the defendant's race or gender) or if

the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. ***Feichtinger*, 105 F.3d at 1190**. Further, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. ***Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999)**. Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. ***Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190. *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003)**.

For the waiver to be enforceable, Lovett's sentence had to be within the maximum provided for in the statute of conviction and the applicable guideline range based upon his relevant conduct. The maximum penalty for distribution of crack cocaine is life imprisonment. **21 U.S.C. § § 841(a), 841(1)(B)**. Based upon the conduct to which Lovett admitted and others attributed to him, his applicable guideline range of imprisonment was 188 to 255 months. The Court sentenced Lovett to 188 months imprisonment. There is no basis in the record for avoiding this waiver, and the Court neither relied upon constitutionality impermissible factors in sentencing Lovett nor sentenced him above the statutory maximum. Thus, the waiver provisions of Lovett's plea agreement are enforceable and Lovett has waived his right to bring this § 2255 petition.

Accordingly, the Court **GRANTS** the Government's motion to dismiss (Doc. 7).  The Court **DISMISSES with prejudice** Lovett's 28 U.S.C. § 2255 petition as untimely.  Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 30th day of November, 2010.

David R. Herndon
2010.11.30
11:54:25 -06'00'

**Chief Judge**
**United States District Court**